

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOSEPH AMADO CALZADA, JR., <br> Institutional ID No. 04582495 <br><br> Plaintiff, <br><br> v. <br><br> TEXAS CIVIL COMMITMENT CENTER, <br><br> Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. 5:19-CV-211-H-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

### I. Background

Proceeding pro se, Plaintiff Joseph Amado Calzada Jr. filed this § 1983 action on October 3, 2019, alleging Defendant violated his constitutional rights by, among numerous other claims, confining him in a prison-like setting. *See* ECF No. 1.

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. Upon determining that Calzada had not paid the $400 filing fee, the Court ordered him to either pay the fee or file an application to proceed *in forma pauperis* (IFP), along with certain supporting financial documentation, within fourteen days of the order, i.e., by October 21, 2019. ECF No. 5. In doing so, the Court warned Calzada that "[f]ailure to comply with this order may result in dismissal of this action." *Id.* at 2.

Calzada filed an IFP application on October 17, 2019. ECF No. 6. After reviewing his application, the Court determined that Calzada's attached financial documentation was inadequate and did not comply with the Court's earlier order. ECF No. 7. The Court therefore ordered Calzada to submit the necessary documentation within seven days, i.e., by October 29, 2019, and

admonished him that "[f]ailure to comply with this Order will result in a denial of the IFP request and/or dismissal of this action without further notice." ECF No. 7, at 2 (emphasis in original).

As of the date of this recommendation, Calzada has neither paid the $400 filing fee nor filed an application to proceed IFP with the necessary supporting documentation. Pursuant to Special Order No. 3-251, the undersigned makes the following findings and conclusions and recommends the action be dismissed for failure to prosecute and follow court orders.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte*, including a civil rights claim filed under 42 U.S.C. § 1983, for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A plaintiff's failure to follow a court's orders concerning payment of the filing fee or an application for IFP status is grounds for dismissal of the complaint without prejudice. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (affirming dismissal of prisoner's complaint after he refused to follow district court's orders requiring submission of documents allowing the court to determine whether prisoner's IFP application had been filed in good faith).

The Court has provided Calzada ample opportunity to comply with its orders. Calzada, in submitting only one month of his resident account statement, did not follow the Court's order that he submit his resident account statement for the year preceding his IFP application.[1] ECF Nos. 5,

---

[1] The Court recognizes that Calzada has been housed at Texas Civil Commitment Center (TCCC) since May 2019, meaning he would not have been able to provide a resident account statement for a full twelve months. In submitting a statement covering only the month of August, however, Calzada provided no explanation for why he could not provide a statement extending back to May 2019, when he arrived at TCCC.

6. The Court gave Calzada an additional seven days to file the necessary documentation and, as of the date of this recommendation, he has not done so, nor has he paid the $400 filing fee. ECF No. 7. On October 22, 2019, the Court admonished Calzada that this action would be dismissed if he did not submit documents in compliance with the order. *Id.* at 2. In this posture, the Court cannot allow Calzada's claims to proceed without either payment of the filing fee or providing the necessary supporting documents for IFP application. Accordingly, the Court should dismiss Calzada's Complaint (ECF No. 1) without prejudice for want of prosecution under Rule 41(b).

### III.    Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Calzada's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The undersigned further recommends that the United States District Court deny Calzada's pending motions to appoint counsel and for leave to proceed *in forma pauperis* as moot. ECF Nos. 2, 6.

### IV.    Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: November 12, 2019

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE